IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM E. BERLIN,

    Petitioner,

v.

JUDY P. SMITH, Warden,

    Respondent.

OPINION AND ORDER

16-cv-68-wmc

---

Petitioner William E. Berlin seeks a writ of habeas corpus under 28 U.S.C. § 2241 and § 2254. Having reviewed the petition, the court ordered service on the respondent, who has now filed a motion to dismiss. (Dkt. #6.) In it, respondent requests that the court dismiss all but one of the grounds for relief Berlin listed in his petition. For the following reasons, respondent's motion will be granted, and Berlin will only be permitted to proceed on the first ground for relief listed in his petition.

BACKGROUND

Berlin is currently incarcerated at the Oshkosh Correctional Institution ("OCI") in Oshkosh, Wisconsin. On August 11, 2011, a jury found Berlin guilty of one count of repeated sexual assault of the same child in violation of Wis. Stat. § 948.025 and two counts of first degree sexual assault of a child in violation of Wis. Stat. § 948.02(1). On October 19, 2011, he was sentenced to ten years imprisonment followed by fifteen years of probation.

1

Berlin let his time for filing a direct appeal lapse, but in January of 2013, he filed a postconviction motion under Wis. Stat. § 974.06, in which he claimed his trial counsel was ineffective in the following respects: (1) failed to object to multiple witnesses in violation of *State v. Haseltine*, 120 Wis. 2d 92, 96, 352 N.W.2d 673 (Ct. App. 1984); (2) inadequately prepared for trial regarding the exclusion of certain evidence, the State's plea offer and whether Berlin should testify; (3) inadequately cross-examined State witnesses; (4) failed to investigate adequately significant evidence; and (5) failed to present a reasonable theory of defense. Berlin further claims that the cumulative effect of these errors prejudiced him.

The state circuit court held an evidentiary hearing on Berlin's postconviction motion and found that his trial counsel was not ineffective. The Wisconsin Court of Appeals affirmed the circuit court's findings on January 22, 2015, addressing each of Berlin's arguments separately. Berlin then filed a petition for review in the Wisconsin Supreme Court, which was denied on June 12, 2015. In that petition, Berlin raised and argued only *one* substantive claim, that his trial counsel was ineffective for failing to make *Haseltine*-based objections to several witnesses' vouching for the victims' credibility, and the court of appeals' decision otherwise constituted an abuse of discretion. (*See* Pet. for Review, dkt. #7-3, at 1, 9-13.) In doing so, Berlin inserted his *Haseltine* argument from his appellate brief into his petition, then added paragraphs arguing prejudice. (*Compare* Berlin's Court of App. Br., dkt. #7-1, at 8-12, 38-39 *with* Pet. for Rev., dkt. #7-3, at 8-12.)

Before this court, Berlin claims that his trial counsel was ineffective in the same ways raised before the Wisconsin trial and appeals courts.

OPINION

Respondent argues that grounds 2 through 6 must be dismissed because Berlin failed to raise those claims in his petition for review to the Wisconsin Supreme Court. The federal habeas corpus statutes require a petitioner to exhaust all remedies that are "available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A). When a state prisoner alleges that his continued confinement violates federal law, the doctrine of exhaustion ensures that state courts have the first opportunity to review this claim and provide any necessary relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

Inherent in the habeas petitioner's obligation to exhaust his state court remedies is the duty to fairly present his federal claims to the state courts, which includes presentment to the Wisconsin Supreme Court. *Id.*; *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Boyko v. Parke*, 259 F.3d 871, 788 (7th Cir. 2001) (citing *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999); *see also Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). Applying the United States Supreme Court's reasoning in *Baldwin v. Reese*, 541 U.S. 27, (2004), the Seventh Circuit has further explained that:

3

> [T]his requirement is not met if a judge must go outside the four corners of the document in order to understand the contention's nature and basis. *Baldwin* held that, if the state's Supreme Court must read the decision of its appellate court in order to learn what the petitioner is arguing, then the issue has not been preserved for federal decision; a petition must *contain* each contention, and not just point to some other document where it might be located.

*Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006).

Here, although Berlin presented all grounds to the Wisconsin Court of Appeals, the Wisconsin Supreme Court only had the opportunity to review his first claim regarding his trial counsel's failure to make *Haseltine* objections. Berlin acknowledges that he did not include grounds 2 through 6 in his petition to the supreme court, but only because of the mistaken belief that the supreme court would review his appellate briefs as a part of its review. Unfortunately, his belief about the supreme court is directly contradicted by the "four corners" rule of fair presentment: to consider grounds 2 through 6, the Wisconsin Supreme Court would have had to go beyond what Berlin included in his petition.

While Berlin also refers to recognized exceptions to the exhaustion requirement, he has not established that he is entitled to relief under any of those exceptions. *First*, Berlin is correct that a petitioner may overcome procedural default by establishing cause for the default, as well as that the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A petitioner can demonstrate cause for his default by pointing to some objective factor external to the defense which blocked his ability to comply with the procedural rule.

4

*Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, this "cause and prejudice" exception does not support Berlin's position. While he claims that his *pro se* status and limited access to legal materials should excuse his mistaken belief that he gave the Wisconsin Supreme Court proper notice of all of his claims, the Seventh Circuit has already ruled a petitioner's *pro se* status does not excuse his failure to exhaust. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (citing *Barksdale v. Lane*, 957 F.2d 379, 385-86 (7th Cir. 1992) ("a petitioner's failure to act or think like a lawyer cannot be cause for failing to assert a claim") (citations omitted)). As Berlin has not pointed to any other factor that impeded his ability to include all of his desired claims in his petition for review, this court is bound to apply unambiguous Seventh Circuit precedent.[1]

*Second*, Berlin has not established that dismissal of these claims amounts to a miscarriage of justice. The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Carrier*, 477 U.S. at 496); *accord Schlup v. Delo*, 513 U.S. 298, 327 (1995). Berlin has maintained his innocence throughout these proceedings, but this exception does not apply because Berlin has pointed to no new evidence that would suggest he is innocent of the underlying offenses.

---

[1] Although the court need not address the prejudice prong, it is difficult to see how he could overcome this requirement as well.

*Third* and finally, Berlin claims that his failure to exhaust should be excused because it would have been futile. Yet to establish that exhaustion would have failed, a petitioner has to show that there is no "available state procedure for determining the merits of petitioner's claim." *White v. Peters*, 990 F.2d 338, 341-42 (7th Cir. 1993); *see also Spreitzer v. Schomig*, 219 F.3d 639, 648 (7th Cir. 2000). Given there is no question that Berlin *could* have raised his other claims of ineffective assistance in his petition to the Wisconsin Supreme Court, his futility argument fails as well.

ORDER

IT IS ORDERED THAT Respondent's Motion to Dismiss (dkt. #6) is GRANTED. Petitioner may proceed solely on his claim that his trial counsel was ineffective in failing to object to multiple witnesses in violation of *State v. Haseltine*, 120 Wis. 2d 92, 96, 352 N.W.2d 673 (Ct. App. 1984).

Entered this 6th day of July, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge