IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIAM E. BERLIN,

    Petitioner,

v.

LANCE WIERSMA, Administrator,
Department of Corrections,
Division of Community Corrections[1],

    Respondent.

OPINION AND ORDER

16-cv-68-wmc

Petitioner William Berlin seeks for a writ of habeas corpus under 28 U.S.C. § 2241 and § 2254. Specifically, he challenges his 2011 judgment of conviction in the Circuit Court for Sauk County, Wisconsin, on one count of repeated sexual assault of the same child and two counts of first-degree sexual assault of a child. This court previously entered an order dismissing for procedural default five of the six claims raised in his petition. (Dkt. # 11.) The sole claim remaining is that his trial counsel was ineffective in failing to object to the admission of testimony by several witnesses who vouched for the victims' credibility in violation of an evidentiary rule adopted by the Wisconsin Court of Appeals in *State v. Haseltine*, 120 Wis. 2d 92, 96, 352 N.W.2d 673 (Ct. App. 1984). The court now denies

---

[1] Petitioner was released on community supervision on June 12, 2018. This change in custody does not moot his claims, but requires the substitution of the Administrator of the Division of Community Corrections for the warden as respondent. *Humphrey v. Cady*, 405 U.S. 504, 506 (1972); 28 U.S.C. § 2243.

1

that claim on the ground that the Wisconsin Court of Appeals did not unreasonably apply clearly established federal law when it found trial counsel was not ineffective.[2]

FACTS

The Wisconsin Court of Appeals described the relevant underlying facts as follows:

> In December 2009, Berlin was charged with two counts of child sexual assault. The first count was based on allegations that Berlin sexually assaulted K.R. between May 1994 and September 1998. The second count was based on allegations that he sexually assaulted M.B. in the summer of 1991. An information was filed in March 2010, adding an additional count of child sexual assault based on allegations that Berlin sexually assaulted K.R. between July 1993 and April 1994, and one count of child enticement related to K.R. for the same time period. Following a jury trial, Berlin was convicted of the first three counts. In October 2011, the circuit court sentenced Berlin to ten years of imprisonment with concurrent terms of fifteen years of probation.

*State v. Berlin*, 2015 WI App 20, ¶ 2, 360 Wis. 2d 490, 864 N.W.2d 120 (per curiam) (unpublished disposition).

In January 2013, Berlin filed an unsuccessful postconviction motion in the state trial court, claiming that his trial counsel was ineffective for various reasons. The remaining issue before this court relates to Berlin's claim that his lawyer was ineffective for failing to object when certain State witnesses vouched for the victims' credibility. Berlin argued that this testimony violated a state evidentiary rule, announced in *State v. Haseltine*, 120 Wis. 2d 92, 96, 352 N.W. 2d 673 (Ct. App. 1984), providing that no witness shall be allowed

---

[2] Because petitioner's ineffective assistance claim is without merit, the court declines to address respondent's alternative argument that this petition is untimely.

2

"to give an opinion that another mentally and physically competent witness is telling the truth." In particular, Berlin identified the following testimony as violating *Haseltine*: (1) State's witness M.W. testified that Berlin's sister, Barb Ellis, asked M.W. to support Berlin after the victims pressed charges because Ellis believed that the victims were lying, and M.W. told Ellis she did not believe the victims were lying because Berlin had done the same thing to M.W. in the past; (2) K.R.'s mother testified that when she learned Berlin had sexually assaulted M.B., "[i]t was horrific," and she was "extremely" shocked; and (3) M.B.'s mother testified that when she learned Berlin had sexually assaulted M.B., her "heart dropped." Berlin argued that the testimony by M.W. and the victims' mothers all indicate that the witnesses believed the victims were telling the truth about the sexual assaults in violation of *Haseltine*.

On appeal from the circuit court's order denying Berlin's post-conviction motion, the Wisconsin Court of Appeals found none of this testimony inadmissible under *Haseltine*. *Id*. ¶ 6. As the court explained, *Haseltine* prohibits a witness from testifying that another witness is telling the truth at trial, so as not to interfere with the jury's role as the "lie detector in the courtroom." *Id*. (quoting *State v. Snider*, 3002 WI App 172, ¶ 27, 266 Wis. 2d 830, 668 N.W. 2d 784). In contrast, the court found the testimony to which Berlin objected was of a different ilk:

> M.W.'s testimony—that she told Ellis that she would not support Berlin on grounds she believed the victims' allegations, since Berlin had done the same thing to her—was a description of what M.W. believed at the time she learned of the allegations against Berlin and explained why M.W. told Ellis

> she would not help with Berlin's defense. This type of testimony does not violate the *Haseltine* rule … For the same reason, the testimony by K.R.'s mother and M.B.'s mother as to how they felt upon hearing allegations that Berlin had sexually assaulted M.B. was descriptive of the witnesses' thoughts and behaviors at the time they learned of the allegations, not whether the witnesses believed the victims were telling the truth at trial.

*Id*. at ¶ 6. Accordingly, the court found trial counsel was not ineffective for failing to object to this testimony. The Wisconsin Supreme Court later denied Berlin's petition for review.

DISCUSSION

When, as here, a state prisoner challenges a state court conviction on grounds that were adjudicated on the merits in state court, the petitioner must establish that the state court's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d). Accordingly, whether or not the admission of the challenged testimony did or did not comport with Wisconsin law as set forth in *Haseltine* is *not* before this court, only the question of its comportment with federal law is. *King v. Pfister*, 834 F.3d 808, 814 (7th Cir. 2016) ("It is well-established that on habeas review, a federal court cannot disagree with a state court's resolution of an issue of state law.)"; *Earls v. McCaughtry*, 379 F.3d 489, 494-95 (7th Cir. 2004) (same). "A decision is 'contrary to' clearly established federal law if the rule the decision applies differs from governing law set forth in Supreme Court cases. A decision involves an 'unreasonable application' of Supreme Court precedent if the decision, while identifying the correct governing rule of law, applies it unreasonably to the

4

facts of the case." *Bailey v. Lemke*, 735 F.3d 945, 949–50 (7th Cir. 2013) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002), and *Williams v. Taylor*, 529 U.S. 362, 407 (2000)). The court applies these standards to the decision of the last state court to adjudicate a given claim on the merits, in this case, the Wisconsin Court of Appeals. *Williams v. Bartow*, 481 F.3d 492, 497–98 (7th Cir. 2007).

On that narrow issue, there is little basis but to conclude that the Wisconsin Court of Appeals' decision on petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law. In particular, the court correctly recognized that petitioner's claim was governed by the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), under which petitioner had to show both that his attorney's performance at trial was deficient and that the deficient performance prejudiced the defense. *Berlin*, at ¶ 4 (citing *Strickland*, 466 U.S. at 687-694). The court then properly rejected petitioner's claim with regard to counsel's failure to object to alleged *Haseltine* violations, finding that no *Haseltine* violations had occurred. *Id.*, at ¶ 6.

Moreover, although this court is not authorized to review whether that court correctly applied *Haseltine*, trial counsel's tactical decision not to object is certainly bolstered by the Wisconsin Court of Appeals' determination that the testimony about which petitioner complained did not constitute improper vouching under *Haseltine* and its progeny. Said another way, counsel cannot perform deficiently or prejudice the defense for failing to raise a meritless objection. *See Stone v. Farley*, 86 F.3d 712, 717 (7th Cir.

5

1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.").

Finally, even if the objection would have been sustained, trial counsel faced with the tactical decision whether objecting would by itself called greater attention to the testimony in the larger narrative of the trial, especially when at least two of the three witness statements arguably "vouched" for the victims statements implicitly, if at all. Accordingly, the Wisconsin Court of Appeals reasonably applied *Strickland* in rejecting petitioner's ineffective assistance of counsel claim.

Because petitioner has failed to meet the demanding standard for obtaining federal relief from a state court conviction, his application for habeas relief must be denied. Moreover, because reasonable jurists would neither disagree with this conclusion, nor with this court's earlier ruling that petitioner procedurally defaulted grounds 2 through 6 by failing to raise those claims in his petition for review to the Wisconsin Supreme Court, he is not entitled to a certificate of appealability under 28 U.S.C. § 2253(c).

ORDER

IT IS ORDERED THAT:

1. Petitioner William Berlin's petition for a writ of habeas corpus is DENIED in its entirety.

2. The clerk of court is directed to substitute Lance Wiersma, Administrator for the Division of Community Corrections, as the respondent.

3. The clerk of court shall enter judgment for respondent and close this case.

4. No certificate of appealability shall issue. If petitioner wishes to appeal, he may seek a certificate from the Seventh Circuit Court of Appeals under Fed. R. App. P. 22, as provided in Rule 11 of the Rules Governing Section 2254 Cases.

Entered this 31st day of March, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge